UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Ball et al.**

    v.                                         Case No. 04-cv-183-PB

**Ripley et al.**

**ORDER**

Plaintiffs William Ball, Elroy Reed, and Barbara Buckley ("participant plaintiffs") are former employees of Troy Mills, Inc., a textile manufacturing company that has initiated bankruptcy proceedings. Plaintiffs Eleanor Ball and Doris Reed are the spouses of William Ball and Elroy Reed. All plaintiffs are former participants in or beneficiaries of Troy Mills' employee health insurance plan, which was administered by defendant Connecticut General Life Insurance Company ("CGLIC"). Defendants William Hoyt, Barrett F. Ripley, and Jim Barker ("officer defendants") are former officers of Troy Mills.

Plaintiffs allege that the officer defendants withheld a portion of the participant plaintiffs' wages for health insurance, but failed to use the deducted funds to pay CGLIC's premiums. They claim that this failure resulted in the

termination of plaintiffs' benefits, and that CGLIC has refused to pay certain outstanding medical bills incurred by plaintiffs.

Plaintiffs have moved for partial summary judgment against the officer defendants on Count VII of their Amended Complaint. Count VII is a statutory claim under N.H. RSA 275:48, which imposes liability on an employer who deducts a portion of an employee's wages and "fails to make any payment relative to such deduction on the employee's behalf," provided the "employee loses any benefit . . . caused by such failure." N.H. RSA 275:48(II).

Plaintiffs are not entitled to partial summary judgment on Count VII because Count VII is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et. seq. ERISA preempts a state law cause of action if the cause of action "relates to" an "employee benefit plan." Hampers v. W.R. Grace & Co., 202 F.3d 44, 49 (1st Cir. 2000). There is no dispute that the Troy Mills health insurance plan was an "employee benefit plan" within the meaning of ERISA. Amended Compl. ¶ 15. A cause of action "relates to" an employee benefit plan "'if it has a connection with or reference to such a plan.'" Id. at 49 (quoting Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 98 (1983)). Plaintiffs' cause of action under RSA 275:48 clearly

"relates to" an employee benefit plan under this broad reading of the term.  See <u>Perrotti v. Wal-Mart Stores</u>, 2006 DNH 005 (discussing ERISA preemption in a similar factual context).

Plaintiffs' claim against the officer defendants must be based on ERISA rather than state law.  See <u>LoPresti v. Terwilliger</u>, 126 F.3d 34, 41 (2d Cir. 1997).  Therefore, I propose to dismiss Count VII of the Amended Complaint as preempted by ERISA.  Plaintiffs may file an objection within 30 days.  Plaintiffs' motion for partial summary judgment as to Count VII (Doc. No. 26) is denied.

SO ORDERED.

/s/ Paul Barbadoro
Paul Barbadoro
United States District Judge

January 25, 2006

cc: Attorneys of Record